# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KELLY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0155-WS-N |
| | ) |
| CHRISTINE M. BRADFORD, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (doc. 4). The Motion has been briefed and is now ripe.

On March 7, 2017, plaintiff, Kelly Jones, filed a Complaint against Christine M. Bradford in the Circuit Court of Mobile County, Alabama. According to the Complaint, Bradford caused Jones to sustain injuries in an automobile accident on Interstate 65 near the Virginia Street exit in Mobile County on June 27, 2016. Jones asserted common-law claims against Bradford for negligence (on the theory that Bradford had negligently operated her motor vehicle in a manner that caused it to collide with the rear of Jones' vehicle) and wantonness (on the theory that Bradford had wantonly operated her motor vehicle in a manner that caused it to collide with the rear of Jones' vehicle). The Complaint set forth Jones' injuries and damages in only the most general terms, stating that she "did receive personal injuries which required care and treatment from licensed healthcare providers," that those injuries "may be permanent," and that Jones "did not incur lost wages." In each of Count One (negligence) and Count Two (wantonness), plaintiff pleaded that she "seeks restitution and compensation for all damages, … [s]aid amount not being in excess of $50,000 with interest and costs of Court." (Doc. 1-1, at 2-3.) The Complaint also identified Jones as "a resident of Baldwin County, Alabama" and Bradford as "a resident of Lee County, Florida."

On April 12, 2017, Bradford filed a Notice of Removal (doc. 1), removing this action to this District Court. In doing so, Bradford predicated federal subject matter jurisdiction solely on

the diversity provisions of 28 U.S.C. § 1332.  Defendant reasoned that the face of the Complaint establishes that Jones and Bradford are citizens of different states.  With respect to the amount-in-controversy requirement, Bradford posited that when the $50,000 figure cited in the *ad damnum* clause for Count One is aggregated with the $50,000 figure cited in the *ad damnum* clause for Count Two, the resulting amount in controversy exceeds the $75,000 jurisdictional minimum, exclusive of interest and costs.

Following removal, Jones promptly filed a Motion to Remand in which she asserted that federal jurisdiction is lacking because "the amount in controversy clearly does not exceed the $75,000.00 threshold needed for this Court to retain jurisdiction."  (Doc. 4, at 2.)  Defendant has opposed remand, and the Motion to Remand has been briefed.

There being no federal question presented in the Complaint, Bradford's Notice of Removal hinges on diversity jurisdiction.  Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) ("For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000.") (citations omitted).  "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction … [and] to scrupulously confine their own jurisdiction to the precise limits which the statute has defined."  *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

As the removing party, Bradford bears the burden of showing by a preponderance of the evidence that the amount in controversy is satisfied.  *See Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014) ("We have repeatedly held that the removing party bears the burden of proof to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.").  That said, Bradford "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Rather, Bradford may meet her burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."  *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations

omitted). What Bradford may not do, however, is resort to "conjecture, speculation, or star gazing" to show that the jurisdictional threshold is satisfied. *Pretka*, 608 F.3d at 754. In evaluating the sufficiency of a removing defendant's jurisdictional showing, courts need not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062.

In support of removal, Bradford maintains that the jurisdictional amount-in-controversy threshold is satisfied on the face of the Complaint, because Jones has asked for up to $50,000 in damages on each of Counts One and Two, plus interest and costs. The key to defendant's jurisdictional argument lies in her position that the amounts listed in Jones' *ad damnum* clauses for Counts One and Two may properly be aggregated to ascertain the amount in controversy. Defendant is correct that, as a general rule, multiple claims by the same plaintiff against a single defendant <u>may</u> (not must) be aggregated to determine the amount in controversy for § 1332 purposes. *See, e.g., De La Rosa v. Reliable, Inc.*, 113 F. Supp.3d 1135, 1152 (D.N.M. 2015) ("Multiple claims by the same plaintiff against the same defendant may be aggregated, even if the claims are entirely unrelated.").[1]

There is a bright-line limitation to this principle, however. No aggregation of claim-by-claim valuations may be done to reach the jurisdictional threshold if the claims presented are alternative bases of recovery for the same harm. *See, e.g., SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp.2d 1245, 1252 (S.D. Ala. 2010) ("if these claims are alternative bases of recovery for the same harm under state law, [the plaintiff] could not be awarded damages for both, and a court should not aggregate the claims to arrive at the amount in controversy") (citations omitted); *D.M.C. Enterprises Inc. v. Best McAllister, LLC*, 2010 WL

---

[1] *See also JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010) ("plaintiffs may aggregate smaller claims in order to reach the jurisdictional threshold"); *Colavito v. New York Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2nd Cir. 2006) ("Different state claims brought by a single plaintiff may be aggregated for purposes of satisfying the amount-in-controversy requirement."); *Andrews v. Medical Excess, LLC*, 863 F. Supp.2d 1137, 1139 (M.D. Ala. 2012) ("multiple claims by one plaintiff can be aggregated in determining the amount in controversy"); *McIntosh v. Gilley*, 753 F. Supp.2d 46, 61 (D.D.C. 2010) ("As a general principle, a plaintiff may aggregate multiple claims against a single defendant to satisfy the jurisdictional amount requirement.").

3039477, *2 (S.D. Ala. Aug. 4, 2010) ("Each count of the complaint asserts an alternative basis of recovery for the same harm and, therefore, cannot be aggregated for jurisdictional purposes.").[2]

Under any fair reading of Jones' Complaint, her negligence and wantonness claims are simply two different legal theories of recovery for the same injury, not separate and independent claims for relief. Indeed, both the negligence count and the wantonness count rely on the same facts (*i.e.*, Bradford allegedly rear-ending Jones in an automobile accident) to recover for the same damages (*i.e.*, Jones' injuries sustained in the automobile accident). The only difference between them is that Count One pleads that Bradford acted negligently whereas Count Two pleads that she acted wantonly. The underlying conduct and the factual basis for damages are identical from one claim to the next. Therefore, under the authorities cited *supra,* the $50,000 amount of damages claimed in each of Counts One and Two cannot be aggregated to meet the $75,000 amount-in-controversy threshold prescribed by 28 U.S.C. § 1332(a). Defendant's aggregation argument as to amount in controversy thus fails as a matter of law.

In her Opposition to the Motion to Remand, Bradford attempts to satisfy the amount in controversy by relying for the first time on a letter from Jones to Bradford's insurer dated December 9, 2016. In that letter, Jones wrote, "I would be willing to settle this matter for $100,000.00 as the full and complete resolution of this situation." (Doc. 6, Exh. 1.) Defendant maintains that this letter establishes "Plaintiff's own valuation of her injuries and damages" as

---

[2] *See also Atrion Networking Corp. v. Marble Play, LLC*, 18 F. Supp.3d 136, 140 n.3 (D.R.I. 2014) ("when a [p]laintiff asserts two alternate theories of recovery arising from the same transaction, the court cannot aggregate the damages arising from the alternate claims" for jurisdictional amount purposes) (citation omitted); *Gallo v. Homelite Consumer Products*, 371 F. Supp.2d 943, 947 (N.D. Ill. 2005) ("[W]here two or more claims are alternative theories of recovery for the same harm, they may not be aggregated. … A plaintiff may have only one satisfaction for an injury, regardless of whether multiple theories of recovery are sought for that injury.") (citations and internal quotation marks omitted); *Holmes v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 158 F. Supp.2d 866, 868 (N.D. Ill. 2001) ("one claim pleaded in the alternative under separate legal theories *cannot* be aggregated for jurisdictional purposes," such that plaintiff's negligence count and strict liability count "cannot be aggregated to meet the jurisdictional amount of § 1332(a)"); *Franklin v. Pinnacle Entertainment, Inc.*, 2012 WL 1280272, *8 (E.D. Mo. Apr. 16, 2012) ("These counts assert different theories of recovery for the same damages and do not have their own separate factual basis for damages. As a result, the damages claimed in Counts I, II and III are not properly aggregated for purposes of determining the amount in controversy.").

being over the $75,000 threshold. (Doc. 6, at 4.) But that letter predated Jones' filing of the Complaint in state court by three months, and was signed by Jones herself, not her counsel of record. A much more telling indicator of "plaintiff's own valuation of her injuries and damages" at the time of filing suit is the letter from her lawyer to Bradford's insurer dated February 17, 2017, less than three weeks before the Complaint was filed. (Doc. 4, Exh. A.) In that letter, Jones' counsel demanded just $45,000.00 for a full settlement of Jones' claims against Bradford. (*Id.*) That $45,000 demand is entirely consistent with plaintiff's representation in her Complaint that the damages she seeks are in an "amount not being in excess of $50,000.00 with interest and costs of Court." (Doc. 1, Exh. A, at 2-3.)

Simply put, upon review of the pleading itself, as well as the other evidence proffered by the parties, the Court concludes that defendant has not met her burden of showing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum amount of $75,000. Defendant's attempt to aggregate the damages figures set forth in plaintiff's *ad damnum* clauses for each of two theories of recovery for the same damages is contrary to law. Moreover, the extrinsic materials filed by the parties suggest that at the time this action was commenced (and hence at the time of removal), plaintiff valued her claims against defendant at less than $50,000 in total. Defendant has failed to establish that it is more likely than not that the jurisdictional amount-in-controversy threshold was satisfied at the time of removal; therefore, diversity jurisdiction is lacking, and removal was both improvident and unsupported by subject matter jurisdiction.

For the foregoing reasons, Plaintiff's Motion to Remand (doc. 4) is **granted**. This action is **remanded** to the Circuit Court of Mobile County, Alabama for further proceedings.

DONE and ORDERED this 1st day of June, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE